Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6252 | **DATE** | 12/13/2004 |
| **CASE TITLE** | Witthoeft vs. Aon Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies Witthoeft's motion for remand (4-1). The ruling date of 12/21/04 is converted to a status hearing on that same date at 9:30 a.m. Plaintiff should be prepared to advise the Court at that time whether he intends to respond to the pending motion to dismiss or file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 14 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | DEC 14 2004 date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENNIS WITTHOEFT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04 C 6252 ) |
| AON CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

DEC 1 4 2004

MATTHEW F. KENNELLY, District Judge:

Dennis Witthoeft filed a lawsuit against his employer Aon Corp. in Illinois state court. Witthoeft alleged that through his employment, he became a beneficiary of a group long term disability (LTD) insurance policy issued by Prudential Insurance. Following an illness, he applied for benefits under the policy and was approved, but this decision was later reversed on the basis that Witthoeft had a preexisting condition within the 90 days before the policy's effective date. Witthoeft sued for breach of contract and under the doctrine of promissory estoppel. Aon removed the case to federal court, asserting that Witthoeft's suit was a claim to recover benefits under an employee welfare benefit plan governed by the federal Employee Retirement Income Security Act and was completely preempted by federal law. Witthoeft has moved to remand the case to state court.

Under the "well-pleaded complaint" rule, federal jurisdiction, including removal jurisdiction, ordinarily is determined based on the plaintiff's complaint, not on possible or anticipated defenses *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). But

under the rather inaptly named "complete preemption" doctrine, if the plaintiff's claim is one which may be brought only under federal law, then it may be recharacterized as a federal claim, and removal is proper. *See, e.g., Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000). If Witthoeft's claim is, in fact, a claim for benefits under an ERISA plan, it may be brought only under ERISA, and the case was appropriately removed to federal court. *Id.* (citing *Metropolitan Life*, 481 U.S. at 67).

Under ERISA, an "employee welfare benefit plan" is a "plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...." 29 U.S.C. § 1002(1). Aon's employee benefit plan, as described in its materials submitted in opposition to the motion to remand, meets these criteria. The fact that part of the plan is administered by Prudential, an outside entity, does not mean that Aon did not "establish or maintain" the plan. *See, e.g., Gaylor v. John Hancock Mut. Life Inc. Co.*, 112 F.3d 460, 465 (10th Cir. 1997) (citing 29 U.S.C. § 1105(c)(1)); *cf. Brundage-Peterson v. Compcare Health Serv. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989) (group insurance plan that employer creates by contract with an insurance company, designating which employees are eligible to enroll, is covered by ERISA).

Witthoeft points out that Aon paid none of the premiums for the LTD coverage; coverage was voluntary; the policy was provided by a separate entity, Prudential Insurance; and Prudential administered the group policy and determined claims for benefits. Based largely on these factors, and on a Department of Labor regulation indicating that a plan meeting these criteria falls outside

2

ERISA, *see* 29 C.F.R. § 2510.3-1(j), Witthoeft argues that the LTD policy is not an ERISA plan and thus his claim is properly a state law claim.

The Court disagrees. Though reference to the DOL regulation is an appropriate guide for determining ERISA coverage, *see Postma v. Paul Revere Life Ins. Co.,* 223 F.3d 533, 537 (7th Cir. 2000), it is improper to "unbundle" the various aspects of an employee benefit plan in making the determination. *Id.* at 538. The LTD insurance was only one aspect of the Aon employee benefit plan. Aon also provided medical and dental benefits, as well as coverage for short term disability and sick time. *See* Def. Resp. to Pl's Mot. for Remand, Ex. 1 (Aff. of John A. Reschke) ¶¶ 7, 13. Aon paid the cost of coverage for certain of these benefits, though not for LTD coverage. *Id.* ¶ 13. The benefit plan as a whole is covered by ERISA, even though the LTD insurance might not be if it were the exclusive aspect of the Aon benefit plan (a question the Court need not decide). Thus Witthoeft's claim may be made, if at all, only under ERISA.

## Conclusion

For the reasons stated above, the Court denies Witthoeft's motion for remand [docket # 4-1]. The ruling date of December 21, 2004 is converted to a status hearing on that same date at 9:30 a.m. Plaintiff should be prepared to advise the Court at that time whether he intends to respond to the pending motion to dismiss or file an amended complaint.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 13, 2004